**Bryan T. NELSON, Plaintiff, Appellant,**

v.

**Wayne KLINE**

**and**

**Matthew Cunningham, Defendants, Appellees.**

No. 00–1894.

United States Court of Appeals, First Circuit.

Heard Jan. 8, 2001.

Decided March 12, 2001.

ment, let alone a gross windfall.

Brett D. Baber, with whom Baber & Weeks, P.A., was on brief for appellant.

John J. Wall, III, with whom Monaghan, Leahy, Hochadel & Libby, LLP, was on brief for appellee Wayne Kline.

Michael E. Saucier, with whom Thompson & Bowie, was on brief for appellee Matthew Cunningham.

Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.

TORRUELLA, Chief Judge.

Plaintiff-appellant Bryan T. Nelson sued Madison, Maine police officers Wayne Kline and Matthew Cunningham pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights. Appellant claims that Officer Cunningham conducted a traffic stop without reasonable suspicion when he pulled over appellant shortly after Deputy Kline had stopped and released him. Appellees moved for summary judgment, and the district court granted the motion after adopting the findings of the magistrate judge that the stop was constitutionally valid. We review an order granting summary judgment *de novo*, *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314–15 (1st Cir.1995), and conclude that appellant's claim is barred by the doctrine of qualified immunity.

The relevant facts are as follows. On September 17, 1999, the Somerset County Sheriff's Department requested that Cunningham assist Kline in locating a red pick-up truck that was allegedly driving recklessly on Ward Hill Road in Norridgewock, Maine. The dispatch described the truck as having running lights on the cab and a loud exhaust. Cunningham made radio contact with Kline, who advised Cunningham that he would patrol Ward Hill Road. While Cunningham stationed his patrol vehicle at the intersection of Preble Avenue and Walker Road, Kline spotted a vehicle on Beech Hill Road that matched the description he had received from the dispatcher. Kline advised the dispatcher that he had located a vehicle fitting the description, and approached the truck.

Kline became suspicious when the truck pulled over to the left, rather than right, side of the road. Inside the vehicle were appellant and his brother. When asked whether he had been driving recklessly, appellant denied that he was involved but indicated that he had observed another red truck driving recklessly near Ward Hill Road. Kline then detected the smell of alcohol and asked appellant whether he had been drinking. Appellant responded that he had. Appellant declined Kline's offer for a ride home, and was released.

After appellant left the scene, Cunningham heard Kline report to the dispatcher that he knew the occupants of the vehicle he had stopped. Kline then called Cun-

ningham, and told him that the truck was heading towards Madison, that the exhaust was loud, and that he might want to stop the truck if he saw it and check the driver for intoxication. Cunningham headed toward Madison, and soon passed appellant's truck. Hearing a loud exhaust coming from the truck, Cunningham turned his vehicle around. Appellant pulled over, again to the left side of the road. During the stop Cunningham contacted Kline to confirm the registration number of the truck and Kline thereafter arrived on the scene as back-up. Cunningham also asked appellant to step out of the vehicle and perform some field sobriety tests, which he concluded appellant failed. Appellant was accompanied to the police station where he was cited for operating under the influence ("OUI") based on the results of a breathalyzer test.[1]

■ The district court ruled that the stop was constitutionally valid without addressing whether the officers were entitled to the defense of qualified immunity. This defense "shields state officials exercising discretionary authority from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Souza v. Pina*, 53 F.3d 423, 425 (1st Cir.1995) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)) (internal quotations omitted). If a party alleges the deprivation of an actual constitutional right, as appellant has here, we proceed to determine whether the claim is barred by the doctrine of qualified immunity. *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). This, in turn, entails a two-prong analysis: first, we ask whether the alleged constitutional violation involves a clearly established right and second, whether a reasonable, similarly situated officer would have un-

derstood that the challenged conduct violated that right. *Swain v. Spinney*, 117 F.3d 1, 9 (1st Cir.1997).

■ Both parties acknowledge that the Fourth Amendment right against unreasonable stops of automobiles is "clearly established." *See Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Even assuming that this right was violated, however, the officers' conduct was not objectively unreasonable.[2] First, although Deputy Kline released appellant following the initial stop, he could have believed that it was constitutionally permissible to alert Officer Cunningham of his observations. Since both Kline and Cunningham were placed on the assignment, moreover, Kline could also have believed that it was appropriate to recommend that Cunningham investigate the situation as well. Finally, even if the information provided by Kline provided the impetus for the second stop, Cunningham may have concluded that his own observations of the loud exhaust justified pulling appellant over. We believe that similarly situated officers, confronted with similar circumstances, could reasonably believe that these actions were lawful under clearly established law. The officers are thus entitled to qualified immunity.

For the reasons set forth herein, we **affirm** the judgment of the district court.

---

1. The criminal charges were dismissed after a state court found that the second stop violated appellant's Fourth Amendment rights. *State v. Nelson*, No. 98–3088 (Me. Dist. Ct. Feb 8, 1999) (order on motion to suppress).

2. We note that "[t]his prong of the inquiry, while requiring a legal determination, is highly fact specific." *Swain*, 117 F.3d at 9.